**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| GARY MONTGOMERY,<br><br>Plaintiff,<br><br>v.<br><br>SHAWN PHILLIPS, STACEY OAKS, BRANDON FOSTER, QUINCY TISDALE, and JOHN DOE,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:26-CV-15-KAC-JEM |

# MEMORANDUM AND ORDER

The Court is in receipt of Plaintiff Gary Montgomery's (1) prisoner pro se civil rights complaint under 42 U.S.C. § 1983 [Doc. 2] and (2) motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons below, the Court (1) **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] but (2) **DISMISSES** the complaint [Doc. 2].

## I. MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* [DOC. 1]

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). A review of Plaintiff's Motion [Doc. 1] shows that he lacks sufficient financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, the Court **GRANTS** the motion for leave to proceed *in forma pauperis* [Doc. 1] and **ASSESSES** Plaintiff the civil filing fee of $350.00.

The custodian of Plaintiff's inmate trust account **SHALL** submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee, 37902 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full

filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Court **DIRECTS** the Clerk to send a copy of this Memorandum and Order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's current facility to ensure compliance with the PLRA's requirements for payment of the filing fee. This Memorandum and Order **SHALL** be placed in Plaintiff's institutional file and follow him if he is transferred to a different facility.

## II. COMPLAINT SCREENING

Under the PLRA, a district court must screen a prisoner complaint and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in [Federal] Rule [of Civil Procedure] 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim. *Id.* at 681. Similarly, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. The Supreme Court has instructed district courts to liberally construe pro se pleadings filed in a civil rights case and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The Complaint arises out of Defendant Quincy Tisdale's attack on Plaintiff on January 10, 2025 and various incidents that occurred after the attack [*See* Doc. 1]. The Complaint alleges that the attack occurred because Defendant John Doe correctional officer left a door unsecured [*See id.* at 3, 4]. But Plaintiff has already filed a Section 1983 complaint in this Court that is substantively identical to this Complaint. *See Montgomery v. Phillips, et. al*, 3:25-CV-538-KAC-JEM (E.D. Tenn.). That earlier-filed complaint includes an additional Defendant, Frank Strada. *See id.* at Doc. 2. So, this action is duplicative of that earlier-filed action. *See Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997) (providing that, to be duplicative, a case "'must be materially on all fours with the other . . . . [T]he issues 'must have such an identity that a determination in one action leaves little or nothing to be determined in the other.'"); *see also Houston v. Caruso*, No. 2:08-CV-124, 2009 WL 579411, at *1 (W.D. Mich. Mar. 5, 2009) ("Where the factual allegations are the same and the actions of the newly named defendants merely formed a partial basis for the previous suit, the suit against the new defendants may be found to be duplicative." (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) for its affirmance of a dismissal of a prisoner's second Section 1983 complaint where the second complaint named different defendants)).

Federal courts try to avoid "duplicative litigation." *See Smith*, 129 F.3d at 360 (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). Because Plaintiff's earlier-filed action remains pending before this Court, the Court **DISMISSES** this duplicative action as malicious. *See Sanders v. Washington*, 582 F. Supp. 3d 543, 548 (W.D. Mich. 2022) (collecting cases that "conclude that a 'duplicative complaint is an abuse of the judicial process and is properly dismissed without prejudice as malicious' for prisoners suing governmental entities and those proceeding *in forma pauperis*" (citing *Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021))); *Skudnov v. U.S. Dep't of HUD*, No. 3:15-CV-100-JHM, 2015 WL

3892422, at *3 (W.D. Ky. June 24, 2015) (finding "[a] complaint is malicious when it 'duplicates allegations of another [ ]federal lawsuit by the same plaintiff'") (citation omitted).

## III. CONCLUSION

For the reasons above:

1. The Court **GRANTED** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1];

2. The custodian of Plaintiff's inmate trust account **MUST** submit the filing fee to the Clerk in the manner set forth above;

3. The Clerk **MUST** mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy; and

4. The Court **DISMISSED** this duplicative action as malicious.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24. So, should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal in forma pauperis. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24. Because no claims remain in this action, **an appropriate judgment will enter.**

**SO ORDERED.**

**ENTER:**

/s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge